# Exhibit D

**Government of the District of Columbia**
**Office of the Deputy Mayor for Planning and Economic Development**

Public Hearing on
B26-0224 - Restricting Egregious Scalping Against Live Entertainment (RESALE) Amendment Act of 2025

**Testimony of**
**Ryan Nicholas**
**Legislative Director**
**Office of the Deputy Mayor for Planning and Economic Development**

Before the
Council of the District of Columbia
Committee on Public Works and Operations
Chairperson Brianne Nadeau

Wednesday, October 22, 2025, at 9:30 a.m.
Room 500 and via Zoom Video Conference Broadcast

Good morning, Chairperson Nadeau, and members and staff of the Committee on Public Works and Operations. My name is Ryan Nicholas, and I am the Legislative Director for the Office of the Deputy Mayor for Planning and Economic Development (DMPED). I am joined by April Randall, Legislative Director for the Department of Licensing and Consumer Protection (DLCP). We are here to testify regarding Bill 26-0224, the Restricting Egregious Scalping Against Live Entertainment (RESALE) Amendment Act of 2025. DMPED and DLCP have worked collaboratively in evaluating this bill, its effects, and the best means to address negative consumer practices associated with ticket scalping.

We are testifying in **support of the intent of the bill** but believe that further evaluation of the issue and appropriate mechanisms of enforcement are necessary prior to passage to ensure that the District has a safe, fair, and regulated marketplace for the purchase and resale of concert tickets. Our two primary issues are: 1) unintended consequences associated with the proposed ticket price cap; and 2) appropriate enforcement of violations. DMPED and DLCP remain partners with the Council to ensure that we can best protect consumers and support the vibrant entertainment scene in the District.

We believe it is of the utmost importance for concertgoers in the District to be able to engage in safe, regulated markets to purchase tickets. Predatory ticket scalping is a problem: it takes advantage of consumers who have to pay more, but leaves artists and venues without benefit from the higher prices. We recognize that we are in a moment where artists, venues, states, and the federal government are taking action to address the problems associated with ticket scalping.

Bills similar in nature to the RESALE Act are being considered, and have passed, in jurisdictions across the country, including in neighboring Maryland, and internationally. The federal government has taken action to address fee transparency, and several major lawsuits have

been entered into that could drastically reshape the market for the purchase and sale of tickets.

It is within this landscape that we review this bill. The District's performing arts venues and theaters, in addition to being cultural staples, are also a key part of the District's economy. Accordingly, we want to make sure that the District passes a law that effectively empowers customers and venues, with a fair and transparent marketplace, and enforceable and administrable laws.

**Price Caps**

I would first like to discuss price caps on the resale of tickets. We do not believe it is prudent to trade one problem for another. Fraudulent transactions involving ticket resale already exist, and we have concerns that price caps could unintentionally drive more activity to unregulated markets, resulting in higher rates of fraud and greater financial losses for consumers. While we understand the purpose of the provision would be to increase customer welfare and transparency, our concern is that it could do the opposite, by pushing consumers to markets where the risk of fraud is higher and the ability to enforce violations is lower.

Before enacting a price cap, we need confidence that this outcome will not occur in the District. This bill already addresses several core challenges in the market, including speculative tickets, bots, and fee transparency, which reduce the need for a price cap. Additionally, the pending litigation may reshape the ticket resale landscape, potentially mitigating the concerns that this provision seeks to address. Furthermore, the enforceability of such a provision is questionable from experience in other jurisdictions. We therefore urge the Committee to remove the price cap provisions to allow for a more informed evaluation of these developments.

**Enforcement**

As drafted, this legislation would require substantial resources, and we do not believe that it

would provide an effective enforcement regime. The legislation envisions a robust program for DLCP to monitor and register ticket resellers, track and enforce violations, and monitor resale sites. While we understand the intent, we think it is unlikely that individuals who would likely violate these laws would go through the necessary steps to register with DLCP, or adhere to the reporting requirements. Simply put, the operational and enforcement mechanism that the bill would require is not practical; which could, in turn, undermine consumer confidence.

While DLCP currently issues notices of infractions, they are not always an effective enforcement tool. As we have seen in other areas, civil fines and penalties, alone, are not always enough to change behavior. Therefore, we recommend two alternative measures, 1) a private cause of action; and 2) including criminal penalties for violations. Both of these measures are consistent with provisions in other jurisdictions, including New York and Maryland.

*Private Cause of Action*

We recommend that the Committee consider adding a private cause of action similar to what is being proposed in Bill 26-174, the "Enhancing the Consumer Protection Procedures Amendment Act." While DLCP works tirelessly to aggressively enforce the Consumer Procedures Protection Act, and would do so should this legislation pass, their resources are limited. Without additional resources, DLCP would not be able to handle the number of complaints that this bill would generate. Thus, allowing for a private cause of action gives harmed consumers an alternative means of recourse.

*Criminal Penalties*

Moving to criminal penalties, the resale of tickets at egregiously high prices or the selling of counterfeit tickets is akin to fraud, which is enforced as criminal conduct. We believe including provision that would address market manipulation and fraudulent ticket transactions as a

misdemeanor in certain instances would provide for better enforcement and deterrence.

We would like to conclude our testimony by highlighting aspects of the bill we find to be positive and that we support:

- Banning the sale of "speculative tickets;"
- Laying out clear standards for refunds that must be provided to consumers;
- Requiring a ticket issuer or secondary ticket platform to maintain reasonable technology to prevent bots from purchasing items; and
- Requiring upfront pricing.

It is vital for consumers to engage in a safe and transparent marketplace and that the District continues to support our music venues. We respectfully ask the Committee to consider our concerns in evaluating this bill, and we welcome any questions and further discussion on the matter. Thank you.