**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ASSOCIATION OF TICKETING PROFESSIONALS, et al.,<br>Plaintiffs,<br><br>-v-<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | Case No. 1:26-cv-03620 (CJN) |

**CONSENT MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF DEFENDANT**

Proposed *Amici Curiae* American Federation of Musicians of the United States and Canada; Artist Rights Alliance; Common Good, Inc. d/b/a Fan Alliance; Future of Music Coalition; Music Artists Coalition; Music Managers Forum-US; National Academy of Recording Arts & Sciences, Inc.; National Independent Talent Organization; Screen Actors Guild–American Federation of Television and Radio Artists; and Songwriters of North America ("Amici") respectfully request leave of this Court to file the accompanying brief and exhibits in support of the District of Columbia's opposition to Plaintiffs' motion for a preliminary injunction. Pursuant to Local Civil Rules 7(m) and 7(o), Amici contacted counsel for Plaintiffs and the District regarding the filing of this Motion, and all parties consent to the relief sought herein. In support of this Motion, Amici state as follows:

## I. Legal Standard

An *amicus curiae* "participates only for the benefit of the Court," and it is "solely within the discretion of the Court to determine the fact, extent, and manner of participation by the amicus." *United States v. Microsoft Corp.*, No. 98-cv-1232, 2002 WL 319366, at *2 (D.D.C. Feb.

28, 2002). Courts typically permit amicus curiae briefs from parties with "a special interest in th[e] litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of th[e] case." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). This is especially true "'when the amicus has unique information or perspective that can help the court.'" *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (citation omitted). A motion for leave must "concisely state the nature of the movant's interest; identify the party or parties supported, if any; and set forth the reasons why an amicus brief is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case." LCvR 7(o)(2). Amici satisfy each requirement.

## II. Amici Have Unique Perspectives and Knowledge About the Live Event Industry

Amici are organizations that advocate for artists' and fans' economic rights across the United States. Their members and constituents have direct interests in the RESALE Act and the result of this litigation. They have decades of experience in the live event industry and a deep understanding of the economic relationships between artists, fans, venues, promoters, ticket brokers, and primary and secondary ticketing platforms. Amici have closely followed the evolution of the RESALE Act, and most of them testified before the D.C. Council's Committee on Public Works and Operations in support of the Act.

Amici's expertise is particularly relevant and useful at this early stage of litigation, before any discovery has been taken. The brief and exhibits attached to this motion respond directly to the policy arguments raised by Plaintiffs. The brief outlines the history of resale ticketing laws in the United States, how the RESALE Act protects artists and fans from naked profiteering in the secondary market, and why resellers like Plaintiffs do not constrain Ticketmaster's monopoly

power in the primary market. Amici's brief will supplement rather than duplicate the arguments made by the District in its opposition, filed on November 9, 2026.

**III. Amici's Perspective Is Not Adequately Represented by the Parties**

The District's opposition is a robust defense of the RESALE Act, and it necessarily focuses on the legal standards that govern Plaintiffs' constitutional claims. Amici speak for the people the Act was written to protect—the artists who set ticket prices, the agents and managers who price and route tours with them, and the fans who buy the tickets. Drawing on firsthand experience, Amici can show the Court how speculative listings and resale markups affect the prices artists choose and fans' access to live events. Amici also include long-standing critics of Ticketmaster's dominance in the primary market. Plaintiffs contend that resellers compete with Ticketmaster on price and that capping resale alone will further consolidate its monopoly power, and Amici are well positioned to explain why that is not so. Plaintiffs, a trade association of ticket brokers and two of its broker members, do not represent Amici's interests.

**IV. Amici's Motion Is Timely**

The Local Civil Rules require that a motion for leave to file an amicus brief "shall be filed in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter." LCvR 7(o)(2). Amici's motion is timely. Plaintiffs' motion was filed on October 16, 2026 (Dkt. 9); the District's opposition was filed on November 9, 2026 (Dkt. 17); and Plaintiffs' reply brief is due on November 16, 2026 (Dkt. 14). A hearing is scheduled for November 19, 2026. (*Id.*)

Amici are filing four days after the filing of the District's opposition, earlier than the seven-day timeline set by Federal Rule of Appellate Procedure 29(a)(6). They are also filing three days before Plaintiffs' reply brief is due and six days before the scheduled hearing on Plaintiffs' motion. The brief will not delay the Court's ability to rule on Plaintiffs' motion for preliminary injunction.

## V. CONCLUSION

For these reasons, the Court should grant this Motion and accept the accompanying brief and exhibits for filing in this matter. A proposed order providing this relief is attached hereto.

Dated: November 13, 2026

Respectfully submitted,

*s/ Katherine Van Dyck*

Katherine Van Dyck (D.C. Bar No. 981272)
KVD Strategies PLLC
1717 N Street NW, Suite 1
Washington, D.C. 20036
(202) 798-1948
katie@kvdstrategies.com

*Counsel for Proposed Amici Curiae*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses disclosed on the Notice of Electronic Filing on November 13, 2026.

*s/ Katherine Van Dyck*
Katherine Van Dyck